IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL LEE LEACH, (01), Defendant. | ) | Cr. No. 05-00531 JMS (01) (Civ. No. 16-00124 JMS-RLP) ORDER (1) DENYING DEFENDANT'S MOTION FOR RELEASE ON BAIL, AND (2) STAYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 |

**ORDER (1) DENYING DEFENDANT'S MOTION FOR RELEASE ON BAIL, AND (2) STAYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

## I. INTRODUCTION

Defendant Michael Lee Leach ("Defendant") has filed a Motion for Release on Bail, Doc. No. 74 ("Motion for Bail"), pending the resolution of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Petition"). Doc. No. 73. His § 2255 Petition contends that his current revocation sentence for violating supervised release is unconstitutional after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Based on the following, Defendant's Motion for Bail is DENIED, and his § 2255 Petition is STAYED pending a decision by the Supreme Court in *Mathis v. United States*, No. 15-6092 (U.S.) (argued Apr. 26, 2016).

## II. BACKGROUND[1]

Defendant pled guilty on February 8, 2006, pursuant to a Memorandum of Plea Agreement, to violations of (1) 18 U.S.C. § 922(j) & 924(a)(2) (receipt and possession of a stolen firearm); (2) 18 U.S.C. §§ 922(g)(1) & 924(a) (felon in possession of a firearm subsequent to three convictions for violent felonies); and (3) 26 U.S.C. § 5861(d) (possession of an unregistered shortened firearm). Doc. Nos. 16, 17. As to the felon-in-possession Count, Defendant agreed that he had three previous convictions for "violent felonies" -- two convictions for second degree burglary in Missouri, and a conviction for second degree attempted robbery in Missouri. *See* Doc. No. 17, Plea Agreement at 2-3.

Under the Armed Career Criminal Act ("ACCA"), if a defendant is convicted of a firearms offense and has three or more prior convictions for "a violent felony or a serious drug offense, or both," the defendant is subject to a

[1] The court sets forth only the background necessary to put its ruling regarding bail into proper context.

mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1).[2] Given the agreement that Defendant had three previous violent felony convictions, the court sentenced Defendant on August 21, 2006 to a 102-month term of imprisonment under the ACCA (after granting the government's Motion for Downward Departure for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). The court also imposed a corresponding five-year term of supervised release. Doc. No. 33.

Defendant eventually served his original sentence and -- after certain events not germane to determining Defendant's Motion for Bail -- was placed on supervised release. On June 19, 2015, however, the court revoked Defendant's supervised release and sentenced Defendant to a 36-month term of imprisonment for that violation of supervised release. Doc. No. 67.

---

[2] The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2).

The first clause in § 924(e)(2)(B)(ii) ("is burglary, arson, or extortion, involves use of explosives") is often called the "enumerated offense clause." The second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is referred to as the "residual clause."

On June 26, 2015, the Supreme Court decided *Johnson*, which invalidated the ACCA's residual clause as unconstitutionally vague. 135 S. Ct. at 2557-58. Given *Johnson*, Defendant filed his § 2255 petition on March 18, 2016, arguing that, absent the residual clause, his original sentence was based on an improper determination that he is an armed career criminal under the ACCA.[3] Defendant contends that -- without the ACCA sentence -- his original term of supervised release should have been three years (not five). And if that is true, then the maximum sentence imposed upon revocation for his violation of supervised release should have been 24 months (not the 36 months that the court imposed on June 19, 2015). *See* 18 U.S.C. §§ 3559, 3583(b)(2) & 3583(e)(3). His § 2255 petition thus seeks an amended judgment reducing his current term of imprisonment from 36 to 24 months. *See* Doc. No. 75, Def.'s Mem. at 9. He also seeks resentencing on the original conviction and credit for excessive time he already served on the 102-month sentence, and to then apply that credit to his current revocation sentence. *Id.* at 9-10. Finally, he seeks release on bail while the court considers the § 2255 petition.[4]

---

[3] After the petition was filed, the Supreme Court made *Johnson* retroactive to cases properly-brought on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 2016 WL 1551144, at *8 (S. Ct. Apr. 18, 2016).

[4] To be clear, this Order does not address the merits of the § 2255 petition; it only rules

(continued...)

## III. DISCUSSION

### A. The Court's Power to Grant Bail Pending a Decision in a § 2255 Proceeding is Extremely Limited

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases[.]" *United States v. Lee*, 2016 WL 1039046, at *2 (D. Haw. Mar. 15, 2016) (quoting *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases from the Second, Fifth, Sixth, and Tenth Circuits)) (other citations omitted). That is, "[i]n a § 2255 proceeding, 'the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits.'" *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (quoting *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969)).

The power to grant bail pending review, however, "is a limited one, to be exercised in special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). The power is to be exercised "only in unusual cases, or when extraordinary or exceptional circumstances exist." *Id*. (quoting *Ostrer v. United States*, 584 F.2d

---

[4](...continued)
on the Motion for Bail.

594, 596 n.1 (2d Cir. 1978). It is "a power to be exercised very sparingly." *Cherek*, 767 F.2d at 337.

In making such a bail determination, courts consider two primary factors -- exceptional/extraordinary circumstances and a high probability of success on the merits.[5] *See, e.g.*, *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citing *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989)); *see also Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (reasoning that "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective") (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)).

Moreover, a petitioner should satisfy both factors before being entitled to bail. *See Lee*, 2016 WL 1039046, at *3 ("[R]equiring *both* prongs appears to be obvious . . . [because] it makes no sense that exceptional circumstances alone would be sufficient if the petitioner was *un*likely to succeed on the merits") (internal quotation marks and citation omitted); *United States v.*

---

[5] The court must also consider traditional bail factors such as the potential that a defendant will flee or pose a danger to the community. *See, e.g.*, *Baker*, 420 F.2d at 1344.

*Costa*, 2016 WL 1555676, at *4 (D. Haw. Apr. 15, 2016) ("Both a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail.").

**B. Defendant is Not Entitled to Bail**

Defendant has not met his burden to justify release on bail. Although *Johnson* applies retroactively, *see Welch*, 2016 WL 1551144, at *8, it is unlikely that Defendant would be released immediately even if the court were to grant his § 2255 petition. Defendant's supervised release was revoked on June 19, 2015 (less than a year ago), and so even if this court reduces his revocation sentence from 36 to 24 months, he would still have significant time left to serve. Defendant admits this. *See* Doc. No. 75, Def.'s Mem. at 12 ("So [Defendant] has about a year left to go on the revocation sentence he should be serving."). Defendant, however, seeks to utilize a "time bank" consisting of credit for time he will have overserved on his original (and unconstitutional) 102-month sentence, should he prevail on the merits of his § 2255 petition. Applying this "time bank" to the remaining time on his revocation sentence, he argues that he would be entitled to be released immediately -- and he thus seeks bail as a type of equitable interim relief.

But the record indicates that, under the present circumstances, the Bureau of Prisons ("BOP") "would not permit any form of imprisonment credit

towards [Defendant's] current revocation imprisonment term." Doc. No. 81, Probation Officer Mem. at 1. *See also United States v. Powell*, 2015 WL 8957629, at *1 (D. Me. Dec. 15, 2015) (concluding that a defendant -- whose original sentence was reduced based on *Johnson's* invalidation of the ACCA's residual clause -- "is not entitled to credit his overserved time in incarceration against his period of supervised release"). *Cf. United States v. Johnson (Roy)*, 529 U.S. 53, 60 (2000) (indicating in a similar context that "excess time served in prison" "does not reduce the length of a supervised release term").

Such a result makes complete sense as a matter of sentencing policy. *See id.* at 59 ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. . . . Supervised release fulfills rehabilitative ends, *distinct from* those served by incarceration.") (emphasis added); U.S. Sentencing Guidelines Manual § 1B1.10 cmt n.7(A) ("Only a term of imprisonment as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.") (Policy Statement regarding a reduction in term of imprisonment as a result of a retroactively-applicable amended guideline range). If a "time bank" of overserved time existed for such use, it could easily be abused. A defendant on supervised

release could feel free to violate the terms of supervised release, secure in the knowledge that he could cash in his account if the court revoked his supervised release.[6]

Defendant challenges -- as contrary to BOP policy -- the Probation Officer's statement that the BOP would not credit excessive time served to a subsequent revocation sentence. *See* Doc. No. 82, Def.'s Reply at 12 (citing BOP Sentence Computation Manual, Policy Statement 5880.28 § I.3.c.(2)). The cited BOP policy statement, however, is based on 18 U.S.C. § 3585(b) (regarding calculation of a term of imprisonment and credit for prior custody).[7] And

---

[6] The creation or use of such a "time bank" is also contrary to U.S.S.G. § 7B1.3(e) (Policy Statement regarding revocation of supervised release), which provides:

> Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

U.S. Sentencing Guidelines Manual § 7B1.3(e). And the corresponding commentary explains that § 7B1.3(e) "is designed to ensure that the revocation penalty is not decreased by credit for time in official detention other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding." *Id.* cmt. n.3

[7] Section 3585(b) provides:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

(continued...)

"§ 3585(b) does not authorize a district court to compute credit for time served. Rather, the prerogative to grant credits in the first instance rests with the Attorney General, acting through the [BOP]." *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)). "Furthermore, under § 3585's statutory scheme, credits cannot be calculated until the defendant commences serving his sentence." *Id*. (citing *Wilson*, 503 U.S. at 333). "[D]istrict courts lack authority at sentencing to give credit for time served." *Id.* (citation omitted).[8]

In short, this case does not present extraordinary circumstances, and Defendant has not demonstrated a high probability of success (at least as to the "time bank" issue). This is not a situation, for example, where it appears clear that if Defendant were resentenced today -- applying *Descamps* and without

---

[7](...continued)

> official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

[8] In any event, as noted above, this Order is not a ruling on the merits of the § 2255 petition -- the court is only assessing whether Defendant satisfies the extraordinary circumstances/high probability of success analysis to be entitled to release on bail, which is very limited in these circumstances and is a power "to be exercised in special cases only." *Mapp*, 241 F.3d at 226.

considering an ACCA enhancement -- he would receive a sentence of time served. *Compare Landano*, 970 F.2d at 1239 ("[I]f bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence."). Defendant is not entitled to bail pending a decision on his § 2255 petition.

**C. The Court Stays this Action Pending *Mathis***

The parties also debate whether *Descamps* applies retroactively to invalidate the court's prior treatment of Defendant's two prior Missouri burglary convictions as violent felonies.[9] It is unclear at this stage, however, whether the retroactivity question will make any difference in this case. As this court noted in *Lee*, if this court were to resentence Defendant today, it would apply current law -- *Descamps* (as interpreted by other binding precedent)[10] -- to determine armed career criminal status. *Lee*, 2016 WL 1039046, at *4 n.8. But this does not mean that defendants may use *Descamps* by itself (where *Johnson* does not apply) to

---

[9] Courts have determined that *Descamps* did not announce a new substantive rule of constitutional law made retroactive to cases on collateral review. *See, e.g.*, *United States v. Berkley*, 623 F. App'x 346 (9th Cir. 2015) (upholding denial of § 2255 motion, reasoning that *Descamps* was not made "retroactively applicable to cases on collateral review") (citing *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015)); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016); *King v. United States*, 610 F. App'x 825, 829 (11th Cir. 2015); *Costa*, 2016 WL 1555676, at *6; *United States v. Christian*, 2016 WL 1229080, at *6 (E.D. Wash. Mar. 28, 2016); *but cf. Mays v. United States*, ___ F.3d ___, 2016 WL 1211420 (11th Cir. Mar. 29, 2016).

[10] *See, e.g.*, *Almanza-Arenas v. Lynch*, 815 F.3d 469 (9th Cir. 2016) (en banc) (as amended); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014).

retroactively obtain resentencings to invalidate prior, and otherwise final, ACCA judgments. *See, e.g.*, *United States v. Gillette*, 2015 WL 1393248, at *3 (D. Vt. Mar. 25, 2015) ("[D]ozens of courts around the country have reached the same conclusion as this Court that *Descamps* did not announce a new rule or recognize a new right authorizing collateral attacks on ACCA sentences that are already final.") (citations omitted).

Nevertheless, as the parties recognize, the Supreme Court in *Mathis* is contemporaneously considering key aspects of the *Descamps* methodology. Indeed, the Supreme Court heard oral argument in *Mathis* just days ago, on April 26, 2016. An opinion in *Mathis* could certainly provide guidance on how to analyze issues in this case. Accordingly, the court -- as suggested by the government, *see* Doc. No. 79, Gov't Mem. at 12 -- STAYS this action pending a decision by the Supreme Court in *Mathis*. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ([T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Under the present circumstances, the parties will not be prejudiced by such a stay.

## IV. CONCLUSION

Defendant's Motion for Release on Bail, Doc. No. 74, is DENIED. Meanwhile, a decision on the merits of Defendant's § 2255 petition is STAYED, pending the Supreme Court's resolution of *Mathis*.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 3, 2016.




/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Leach*, Cr. No. 05-00531 JMS (01), Order (1) Denying Defendant's Motion for Release on Bail, and (2) Staying Defendant's Motion to Vacate under 28 U.S.C. § 2255