IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00531 JMS (01) |
| | ) | (Civ. No. 16-00124 JMS-RLP) |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR RECONSIDERATION |
| | ) | OF ORDER DENYING MOTION |
| MICHAEL LEE LEACH,       (01), | ) | FOR RELEASE ON BAIL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION FOR RELEASE ON BAIL**

**I.  INTRODUCTION**

On May 3, 2016, the court denied Defendant Michael Lee Leach's

("Defendant") Motion for Release on Bail, and stayed Defendant's Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Petition"),

pending a decision by the Supreme Court in *Mathis v. United States*, No. 15-6092

("May 3, 2016 Order").  Doc. No. 83.  On May 6, 2016, Defendant filed a Motion

to Reconsider the May 3, 2016 Order in part ("Motion for Reconsideration").

Doc. No. 84.  Defendant seeks reconsideration of the denial of bail pending a

decision on the § 2255 Petition, but does not oppose staying the § 2255 Petition

pending *Mathis*.  *Id.* at 1.  The government filed its response on May 19, 2016.

Doc. No. 86.  Based on the following, the Motion for Reconsideration is DENIED.

## II.  STANDARD OF REVIEW

Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."  Local Rule 60.1; *see also School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citation omitted).  "There may also be other, highly unusual, circumstances warranting reconsideration."  *ACandS, Inc.*, 5 F.3d at 1263.

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).  "Whether or not to grant reconsideration is committed to the sound

discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted)

### III.  DISCUSSION

The May 3, 2016 Order twice emphasized that the court was not addressing or ruling on the merits of the § 2255 petition.  *See* May 3, 2016 Order at 4 n.4 & at 10 n.8; *United States v. Leach*, 2016 WL 2344197, at *2 n.4 & at *3 n.8 (D. Haw. May 3, 2016).  To repeat, the court is only assessing whether Defendant satisfies the extraordinary circumstances/high probability of success analysis to be entitled to release on bail while the § 2255 petition is under review.  *See, e.g.*, *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).  And to repeat again, Defendant has not met this high burden.

Defendant takes issue with the May 3, 2016 Order's analysis of the "time bank" issue, repeating his argument that Policy Statement 5880.28 § I.3.c.(2) in the Bureau of Prisons ("BOP") sentencing computation manual would automatically entitle him to a sentence of time-served on his revocation sentence if the court grants the § 2255 petition.  Defendant asserts that the mandatory language of the policy statement "demands an evidentiary hearing" regarding statements made in a probation officer's memorandum.  Doc. No. 84, Mot. at 6.  He seeks an evidentiary hearing on the bail issue so that "counsel could cross-

examine the BOP officials" and "confront them with the BOP's own policy

statement." *Id.* at 9. The government responds by arguing that Policy Statement

5880.28 § I.3c.(2) is inapplicable. Doc. No. 86, Gov't Mem. at 2.

      The court refuses to hold such an evidentiary hearing, especially at

this bail stage under the circumstances of this case. Doing so would prematurely

and unnecessarily turn this bail matter into a hearing on the merits of the § 2255

motion. Regardless of the court's view of the BOP sentencing computation

manual -- as the court reasoned in the May 3, 2016 Order -- "[18 U.S.C.]

§ 3585(b) does not authorize a district court to compute credit for time served.

Rather, the prerogative to grant credits in the first instance rests with the Attorney

General, acting through the [BOP]." *United States v. Peters*, 470 F.3d 907, 909

(9th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)).

"[D]istrict courts lack authority at sentencing to give credit for time served." *Id.*

(citation omitted).[1]

---

[1] Indeed, if the BOP erroneously computes a sentence, Defendant's remedy would be to seek review of such a determination after exhausting administrative remedies -- not to decide at a bail stage that a probation officer's preliminary report is incorrect. *See, e.g.*, *United States v. Whaley*, 148 F.3d 205, 206-07 (2d Cir. 1998) ("[T]he district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.") (citing *Wilson*, 503 U.S. at 333, 335) (other citation omitted).

Defendant also makes much of the court's footnote regarding whether *Descamps v. United States*, 133 S. Ct. 2276 (2013) applies retroactively, arguing that -- especially in an initial § 2255 petition (that is, not a "second or successive" § 2255 petition) -- *Descamps* is not a "new rule" and is thus not subject to a retroactivity bar under *Teague v. Lane*, 489 U.S. 288 (1989).  But this argument is completely unnecessary in this case, and especially in this bail context.  Again, "if this court were to resentence Defendant today, it would apply current law -- *Descamps* (as interpreted by other binding precedent) -- to determine armed career criminal status."  May 3, 2016 Order at 11, 2016 WL 2344197, at *4 (footnote omitted).[2]

And, most importantly, the record demonstrates that Defendant is an extremely poor candidate for bail *regardless* of *Descamps* and the court's view of the "time bank" issue.  Defendant has had his supervised release revoked twice. *See* Doc. No. 50 (revoking supervised release on Nov. 14, 2014); Doc. No. 67 (revoking supervised release on June 19, 2015).  Most recently, the court imposed the maximum revocation sentence (with no term of supervised release to follow)

---

[2] To clarify, the court's observation that courts have determined that *Descamps* did not announce a new substantive rule of constitutional law made retroactive to cases on collateral review (*see* May 3, 2016 Order at 11 n.9; 2016 WL 2344197, at *4 n.9), does not mean that the court applied such rulings in this case.  The court recognizes that whether the *Descamps* methodology applies in a habeas context depends upon a case's procedural posture, involving factors such as timeliness, waiver, and whether prior habeas petitions were filed.

because Defendant *admitted* he was very difficult (if not impossible) to supervise, and flatly told the court he would not comply with any additional terms of supervised release. He told the court he did not want to work with probation officers, and would not do so under any circumstances. Given this history of defiance, combined with his record of violence and drugs, the court would not grant Defendant bail in this § 2255 petition even assuming he has a valid argument that *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies to his original ACCA sentence. *See* May 3, 2016 Order at 6 n.5; 2016 WL 2344197, at *2 n.5 ("The court must also consider traditional bail factors such as the potential that a defendant will flee or pose a danger to the community.") (citation omitted).

## IV.  CONCLUSION

Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Release on Bail, Doc. No. 84, is DENIED.

IT IS SO ORDERED.

DATED:  May 20, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Leach*, Cr. No. 05-00531 JMS (01), Order Denying Defendant's Motion for Reconsideration of Order Denying Motion for Release on Bail